USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/15/2011

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- X
CARLOS REVELO and ANGEL UIJOY, on    :
behalf of themselves and other       :
similarly situated,                  :
                                     :     10 Civ. 2204 (DLC)
                Plaintiffs,          :
     -v-                             :     MEMORANDUM
                                     :     OPINION & ORDER
SISTINA RESTAURANT, INC. and GIUSSEPE:
BRUNO,                               :
                Defendants.          :
------------------------------------- X

DENISE COTE, District Judge:

On February 3, 2011, the parties in this collective action brought under the Fair Labor Standards Act ("FLSA") executed a settlement agreement ("Agreement") that provided for a payment to only the plaintiffs who have joined this action and a payment that was less than the full sum of liquidated damages mandated by the FLSA. See 29 U.S.C. § 216(b). An Order of January 18 advised the parties that judicial review of this Agreement was necessary before this case could be dismissed. Plaintiffs submitted a letter on behalf of the parties in response to the January 18 Order. For the following reasons, the Agreement is approved and the lawsuit is dismissed.

BACKGROUND

Carlos Revelo ("Revelo") and Angel Uijoy ("Uijoy") commenced this action on March 12, 2010, alleging that their employer -- Sistina Restaurant, Inc. ("Sistina") and Giussepe Bruno -- violated the FLSA and New York State labor laws. In

the complaint, Revelo and Uijoy requested that the lawsuit be designated as a collective action under the FLSA and that a class be certified for the related state law claims. Three additional plaintiffs -- Koceila Benamara ("Benamara"), Juan Mayancela ("Mayancela"), and Enrico Scotto Rosato ("Rosato") subsequently joined the suit. A notice of collective action was never sought and a class was never certified.

Plaintiffs worked as service employees for Sistina, a restaurant on the Upper East Side of Manhattan. In their complaint, plaintiffs alleged that the defendants took a tip-credit to which they were not entitled by using a tip pool that did not comport with the FLSA (the "tip credit claim"). Plaintiffs also claimed that the defendants failed to pay overtime compensation required by federal and state law to plaintiffs who worked over forty hours per week (the "overtime claim"). Finally, plaintiffs alleged that defendants illegally required the plaintiffs to share their tips with them, in violation of New York Labor Law § 196-d (the "tip-sharing claim").[1]

---

[1] Plaintiff's complaint also alleged a violation of New York's "spread of hours" regulations, which require an employer to pay an employee a premium equal to one hour's pay at New York's minimum wage for each workday that the employee's workday lasts longer than ten hours. After reviewing the tip sheets and the number of "double" shifts plaintiffs' worked, however, plaintiffs' counsel determined that the spread of hours damages are de minimis.

2

Plaintiffs estimate that if they recovered, in full, for the tip credit claim, the overtime claim, and the tip-sharing claim, they would be entitled to no more than $202,674.12, including liquidated damages. The parties have agreed to settle the action for $200,000 to be paid over the course of fifteen or fewer monthly installments. Of this amount, $67,763.33 will go to plaintiffs' attorneys for legal fees and expenses. If the Agreement is approved, the parties request that the action be dismissed with prejudice as to the five plaintiffs and without prejudice as to members of the alleged putative collective and class actions.

DISCUSSION

The FLSA imposes the obligation to pay unpaid overtime compensation and "an additional equal amount as liquidated damages" on employers who violate its requirement that overtime wages be paid. 29 U.S.C. § 216(b). The obligation to pay "liquidated damages cannot be bargained away by bona fide settlements of disputes over coverage." D.A. Schulte, Inc. v. Gangi, 328 U.S. 108, 114 (1946). In D.A. Schulte, however, the Supreme Court suggested in dicta that employees may waive FLSA claims pursuant to judicially-supervised settlements. Id. at 113 n.8. The Supreme Court reasoned that "by the simple device of filing suits and entering agreed judgments, . . . the requirement of pleading the issues and submitting the judgment

3

to judicial scrutiny may differentiate stipulated judgments from compromises by the parties." Id. Based on D.A. Schulte's dicta, several circuits have opined that courts may enter judgments on a basis that does not require full payment of liquidated damages after scrutinizing the proposed settlements for fairness. See, e.g., Lynn's Food Stores, Inc. v. United States By and Through U.S. Dep't of Labor, Employment Standards Admin., Wage and Hour Div., 679 F.2d 1350, 1352-53 (11th Cir. 1982); Urbino v. Puerto Rico Ry. Light & Power Co., 164 F.2d 12, 14 (1st Cir. 1947). In Jarrard v. Southeastern Shipbuilding Corp., 163 F.2d 960 (5th Cir. 1947), the Fifth Circuit approved a settlement after finding that "a bona fide dispute of both law and fact was involved in the litigation, and that the proposed settlement agreed upon was fair and equitable to all parties concerned." Id. at 961.

The plaintiffs have sufficiently supported their Agreement and demonstrated that it represents a fair and equitable settlement of their bona fide dispute with their employer, as required by the FLSA. The settlement amount in this case is nearly equal to the maximum damages amount calculated by plaintiffs' counsel.

Under the circumstances, this amount is reasonable and fair. Plaintiffs did not have any documentary evidence to corroborate their allegations of unpaid overtime hours. In

4

calculating potential damages, plaintiffs' counsel presumed that the plaintiffs always worked full, 9-hour dinner shifts, despite the defendants' contention that dinner shifts only lasted 8 hours.  In addition, since plaintiffs did not seek to circulate notice of this action, there is no reason to find that other employees will be prejudiced by the dismissal of this lawsuit.

The prohibition on waiver of FLSA claims except pursuant to a settlement supervised by the Secretary of Labor or an agreement that is judicially approved is meant to protect employees from inequality in bargaining powers.  <u>D.A. Schulte</u>, 328 U.S. at 115.  Plaintiffs have been represented by counsel throughout this lawsuit and their interests have been adequately safeguarded.

CONCLUSION

The parties' January 26, 2011 Agreement is approved, and this action is dismissed with prejudice as to Revelo, Uijoy, Benamara, Mayancela, and Rosato and without prejudice as to the other members of the alleged putative collective and class actions.

SO ORDERED:

Dated:   New York, New York
         April 14, 2011

                                          _____
                                              DENISE COTE
                                          United States District Judge

5